# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1235V
Filed: October 6, 2023

| | |
|---|---|
| KURT SONNENBURG., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Master Horner |

*Mark T. Sadaka*, Sadaka Associates LLC, Englewood, NJ, for petitioner.
*Michael Joseph Lang*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On August 17, 2018, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that he suffered small fiber neuropathy caused by his October 3, 2016, flu vaccination. (ECF No. 1.) Respondent filed his Rule 4 Report recommending against compensation on February 4, 2020. (ECF No. 26.) Petitioner filed expert reports supporting his claim on December 8, 2020, and May 26, 2022. (ECF Nos. 34, 50.) On January 19, 2023, petitioner moved for an award of interim attorneys' fees and costs totaling $43,695.90, including $34,943.00 in fees and $8,752.90. (ECF No. 58.) Respondent filed a response on January 23, 2023, deferring to the undersigned's discretion. (ECF No. 59.) This case has now been pending for approximately five years.

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Even if their claim is unsuccessful, petitioners are entitled to an award of reasonable attorneys' fees

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

and costs if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  The Federal Circuit has additionally concluded that interim fee awards are permissible and appropriate under the Vaccine Act.  *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352.  In *Avera*, the Federal Circuit held that, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  *Avera*, 515 F.3d at 1352.  In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  609 F.3d at 1375.   I find that petitioner's request for an award for interim attorneys' fees and costs is reasonable at this juncture.

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1347.  I have reviewed counsel's billing records.  The hours requested appear reasonable and counsel has charged hourly rates consistent with what he has previously been awarded.

Attorneys' costs must be reasonable as well.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs.").  I have reviewed the invoices counsel has submitted.  I find the documentation to be adequate and the costs incurred to have been reasonable.

In light of the above, petitioner's motion for an award of interim attorneys' fees and costs is hereby **GRANTED**.  Petitioner is awarded $43,695.90, including $34,943.00 for interim attorneys' fees and $8,752.90 for interim attorneys' costs.  **Accordingly, I award a total of $43,695.90 as a lump sum in the form of a check payable to petitioner and her counsel, Mark T. Sadaka.**

The clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u><br>
Daniel T. Horner<br>
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.